# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CRAIG ALLEN SHEPPERD,[1]      *

    Petitioner,            *

    v.                   *        Crim. Action No.  ELH-11-0259
                                             Civ. Action No. ELH-14-1925

UNITED STATES OF AMERICA,    *

    Respondent.         *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM

On October 21, 2011, Craig Shepperd, Petitioner, entered a plea of guilty to Count Seven of an Indictment charging him with Threatening to Murder a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(1).  ECF 23; ECF 24 (Plea Agreement).  In particular, the plea was entered under Rule 11(c)(1)(C), in which the parties jointly agreed to a sentence of 96 months of imprisonment.  ECF 21, ¶ 9.  The parties also agreed that defendant qualified as a Career Offender under U.S.S.G. § 4B1.1, based on two prior convictions that allegedly constituted crimes of violence.  ECF 24 at 5.

The case was initially assigned to Judge William D. Quarles, Jr., who held the sentencing on February 7, 2012.  ECF 29; ECF 30 (Judgment); ECF 32 (Amended Judgment); ECF 42 (Sentencing Transcript).[2]  Of relevance here, Judge Quarles determined at sentencing that Petitioner qualified as a Career Offender.  ECF 42 at 15.  He referenced, *inter alia*, two distinct

---

[1] Petitioner's surname erroneously appears on the docket as "Sheppard."  The correct spelling is "Shepperd."  *See* ECF 1; ECF 42 at 2-3.

[2] The case was reassigned to me on January 28, 2016, due to the retirement of Judge Quarles.

prior convictions in Maryland for second-degree assault and a conviction for possession of marijuana with intent to distribute. *Id.* Further, the Court found that Petitioner had "13 criminal history points," which "place him in Criminal History Category VI." ECF 42 at 15. Based on the Career Offender designation, the Court determined that the total offense level was 21, rather than 16, with an advisory sentencing guidelines range of 87 to 96 months of incarceration.

In accordance with the C plea, the Court sentenced the defendant to 96 months' of imprisonment. *Id.* at 15-16; ECF 32. The Court reasoned that the defendant's "somewhat violent history and the nature and conduct underlying" his offense warranted a sentence at the top of the advisory guidelines. ECF 42 at 15-16. But, he allowed Shepperd to serve the sentence concurrent with a State sentence he was then serving. *Id.* at 16.

On June 13, 2014, the Federal Public Defender ("FPD") filed a Motion to Correct Sentence Under 28 U.S.C. § 2255. ECF 36 ("Motion"). Relying on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *United States v. Royal*, 731 F.2d 333 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 1777 (2014), Petitioner argued that he was erroneously found to be a Career Offender on the basis of his second-degree assault convictions. *Id.*

In June 2015, in *Johnson v. United States*, ____ U.S. ____, 135 S. Ct. 2551 (2015), the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), ruling that the definition of a "violent felony" was unconstitutionally vague. *Id.* at 2555-57; *see also United States v. Winston*, 850 F.3d 667, 680 (4th Cir. 2017) (explaining *Johnson*). Thereafter, on May 25, 2016, the FPD filed another motion on behalf of Petitioner under 28 U.S.C. § 2255. ECF 45 ("Supplemental Motion"). Relying on *Johnson*, the FPD argued that Petitioner no longer qualified as a Career Offender because the underlying

offense of threatening a federal officer and the prior second-degree assault convictions do not constitute crimes of violence. *Id.* at 1-2.

At the government's request (ECF 40), the case was stayed. ECF 41.

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, __ U.S. __, 137 S. Ct. 886 (2017). In *Beckles*, the Court determined that the advisory sentencing guidelines are not subject to *Johnson* challenges. Subsequent to that decision, on August 24, 2017, the FPD asked Petitioner whether he wanted to withdraw his motions. ECF 47 at 2, 3. Petitioner was also advised that the FPD intended to submit a request to withdraw as counsel and, if granted, Petitioner would be proceeding without counsel. *Id.* at 3. Petitioner did not respond to either motion. *Id.* On September 18, 2017, the FPD filed a Motion to Withdraw as Counsel (ECF 47), which this Court granted. ECF 48.

Pending before this Court are Petitioner's Motion and Supplemental Motion under 28 U.S.C. § 2255. ECF 36; ECF 45. The government did not respond. No hearing is necessary to resolve the motions. *See* Local Rule 105.6 (D. Md. 2016); 28 U.S.C. § 2255(b). For the reasons stated herein, I shall deny both motions.

## DISCUSSION

Petitioner claims that under *Descamps*, *Royal*, and *Johnson*, he does not qualify as a Career Offender under U.S.S.G. § 4B1.1 because his underlying offense and his two prior second-degree assault convictions are not crimes of violence. ECF 36; ECF 45.

U.S.S.G. § 4B1.1(a) provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4B1.2(a) states, in part:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . .

Notably, the scope of review of non-constitutional error is more limited than that of constitutional error. *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). A non-constitutional error provides a basis for collateral attack only when it involves "'a fundamental defect which inherently results in a complete miscarriage of justice'" or is "'inconsistent with the rudimentary demands of fair procedure.'" *Id.* at 495-96 (citations omitted); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Of import here, "a mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)), *cert. denied*, 135 S. Ct. 2850 (2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted).

In light of *Beckles*, 137 S. Ct. 886, Petitioner's motions are without merit. As the *Beckles* Court stated, "the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892. The *Beckles* Court held, *id.* at 895: "[T]he advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and . . . § 4B1.2(a)'s residual clause is not void for vagueness."

## CONCLUSION

For the reasons stated above, Petitioner's Motion (ECF 36) and Supplemntal Motion (ECF 45) are DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ____ U.S. ____, 137 S. Ct. 759, 773 (2017). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

In my view, reasonable jurists would not find Petitioner's claims debatable. Therefore, a certificate of appealability is DENIED.[3]

A separate Order follows.


Dated: September 28, 2017                           _____/s/_____

                                                    Ellen L. Hollander
                                                    United States District Judge

---

[3] The district court's denial of a COA does not preclude a petitioner from seeking a COA from the appellate court.